IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL & EILEEN DIVIGENZE | : | |
| | : | CIVIL ACTION |
| Plaintiffs | : | |
| | : | NO. 2:12-CV-05357-LS |
| v. | : | |
| | : | HON. LAWRENCE F. STENGEL |
| McCONNELL TRANSPORT, LTD.; | : | |
| and | : | |
| FREDERICK KRANENDONK | : | |
| Defendants | : | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, McCONNELL TRANSPORT, LTD., and FREDERICK KRANENDONK, by and through their counsel WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby respond to Plaintiffs' Complaint as follows:

## PARTIES

1.   Defendants have insufficient information to respond to this allegation.

2.   Defendants admit that McConnell Transport, Ltd. is incorporated and exists under the laws of Canada, and has its corporate address at 208 Route 590, Jacksonville, New Brunswick, Canada, E7M3R7. The remaining allegations of this paragraph are denied.

3.   Admitted.

## STATEMENT OF JURISDICTION

4.   Denied as a conclusion of law to which no responsive pleading is required.

5.   Admitted upon information and belief.

6.   Admitted.

7.   Admitted.

779820.1

8. Denied as stated. Defendants admit that Plaintiffs have alleged an amount in controversy over $75,000, but the remainder of this allegation is denied.

9. Denied. This allegation is specifically denied and strict proof of same is demanded at time of trial.

## STATEMENT OF VENUE

10. Denied as a conclusion of law to which no responsive pleading is required.

## FACTUAL ALLEGATIONS

11. Admitted.

12. Admitted that Defendant Kranendonk was operating a tractor-trailer on behalf of Defendant McConnell. The remaining allegations of this paragraph are specifically denied and strict proof of same is demanded at time of trial.

13. Admitted upon information and belief.

14. Denied as stated. Defendants demand strict proof of same at time of trial.

15. Denied as stated. By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

16. Denied as stated. Defendants demand strict proof of same at time of trial.

17. Denied as a conclusion of law to which no responsive pleading is required. By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

18. Denied as a conclusion of law to which no responsive pleading is required. By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

## COUNT I: Negligence and Vicarious Liability

### *Eileen Divigenze and Daniel Divigenze v. McConnell Transport Ltd., et al.*

19. Defendants incorporate their responses to paragraphs 1-18 of Plaintiffs' Complaint as if the same were fully set forth herein.

20. Denied as a conclusion of law to which no responsive pleading is required.

21. Denied as a conclusion of law to which no responsive pleading is required.

22. Denied as a conclusion of law to which no responsive pleading is required.

23. Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

24. Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

25. Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

26. Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

27. Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

**WHEREFORE,** Defendants demand entry of judgment in their favor.

## COUNT II: CORPORATE NEGLIGENCE

### *Eileen Divigenze and Daniel Divigenze v. McConnell Transport Ltd.*

28.     Defendants incorporate by reference their responses to paragraphs 1-27 of Plaintiffs' Complaint as if the same were fully set out herein.

29.     Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

30.     Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

31.     Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

32.      Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

33.     Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

34.     Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

35.     Denied as a conclusion of law to which no responsive pleading is required.  By way of further answer, defendants lack sufficient information or knowledge to form a belief as to the truth of this averment and strict proof of same is demanded at time of trial.

**WHEREFORE,** Defendants demand entry of judgment in their favor.

### SECOND AFFIRMATIVE DEFENSE

All claims in this action should be adjudicated under North Carolina law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs have failed to assert a claim upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' acts or omissions were contributorily negligent to the accident and therefore, Plaintiffs are barred from recovery under North Carolina law.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Kranendonk maintained a proper lookout, and came upon an sudden emergency of the Plaintiffs' making, which he reacted to as a reasonable person of ordinary prudence in the same or similar circumstances would have reacted, meaning that Defendants are not liable for negligence pursuant to the Sudden Emergency Doctrine.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged injuries and/or damages, all of which are denied, were caused by negligent acts and/or omissions of other persons and/or entities over which Defendants had no control.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages and/or injuries, all of which are denied, were the proximate result of superseding and/or intervening acts caused by others over which Defendants had no control.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, all of which are denied, are limited to those which are reasonable and necessary.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages, all of which are denied, are the result of pre-existing conditions, and therefore recovery is limited in this action.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs, through their actions, assumed the risk of their conduct, the resulting injuries of which, if any, are the direct result of their own actions and appreciation of the risk they were placing themselves in.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants are entitled to a setoff in the amount of Plaintiffs' claimed damages, if any, of the amount actually paid to satisfy claimed bills and expenses pursuant to N.C.G.S. §8C-414.

### THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that Defendants are liable, which is expressly denied, Defendants are entitled to equal contribution for any judgment in favor of Plaintiff Eileen Divigenze from Plaintiff David Divigenze on the basis of North Carolina's Uniform Contribution Among Joint Tortfeasors Act, N.C.G.S. § 1B-1(b), and his contributory negligence.

779820.1

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants hereby demand a bifurcated trial on the issue of liability and damages pursuant to N.C. Gen. Stat. § 1A-1, Rule 42 (b)(3).

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant reserves the right to raise any additional defenses as may be revealed during discovery up to the time of trial in this Court.

**SIXTEENTH AFFIRMATIVE DEFENSE**

In the event that the court finds Pennsylvania law applies, Defendants reserve their right to raise all statutory and common law affirmative defenses under Pennsylvania law including, but not limited to:

1. Plaintiffs' causes of action are barred in whole or in part by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

2. Plaintiffs' causes of action are barred in whole or in part by the provisions of the Pennsylvania Comparative Negligence Act, as their negligence and negligence per se were greater than any negligence on the part of the Defendants.

**COUNTERCLAIM AGAINST DANIEL DIVIGENZE**

Defendants, McCONNELL TRANSPORT, LTD., and FREDERICK KRANENDONK, submit this Counterclaim against Plaintiff Daniel Divigenze, and submit as follows:

1. Defendant in this Counterclaim is Daniel Divigenze, of legal age and majority and domiciled in the State of New Jersey.

2. Plaintiffs Daniel Divigenze and Eileen Divigenze have filed suit against Defendants McConnell Transport, Ltd. and Frederick Kranendonk, alleging that Defendants are liable to Plaintiffs for their alleged injuries arising out of an accident which occurred on

December 26, 2010 at approximately 5:10 pm on southbound Interstate 95 at approximately mile marker 22 in North Carolina.

  3. Defendants McConnell Transport, Ltd. and Frederick Kranendonk answered Plaintiffs' Complaint, as recounted above, and do hereby incorporate fully, by reference, all of their responses and affirmative defenses.

  4. Daniel Divigenze was negligent in the operation of his vehicle in the following ways, amounting to a breach of his duty of care with respect to McConnell Transport, Ltd. and Frederick Kranendonk:

   a. Failure to maintain a proper lookout;

   b. Failure to maintain a proper speed;

   c. Failure to warn fellow motorists of his unreasonable and negligent actions;

   d. Engaging in actions which distracted him from driving safely;

   e. Driving error; and

   f. Other acts and omissions which constitute negligence to be proven at trial

  5. Daniel Divigenze's negligent operation of his vehicle is the sole and proximate cause of the injuries he suffered, if any, as well as the injuries suffered, if any, by Eileen Divigenze.

  6. In the event that this court finds McConnell Transport, Ltd. and Frederick Kranendonk liable for the injuries sustained to Daniel Divigenze and Eileen Divigenze, McConnell Transport, Ltd. and Frederick Kranendonk hereby seek contribution and apportionment from Daniel Divigenze for his negligent operation of his vehicle.

**WHEREFORE**, Defendants McConnell Transport, Ltd. and Frederick Kranendonk, request that Daniel Divigenze be found liable over to defendants for contribution and apportionment on the claim of Eileen Divigenze.

## JURY DEMAND

Defendants hereby rely upon the Jury Demand made by the Plaintiffs in their Complaint.

DATED: this 24th day of January, 2013.

        Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP

    BY: /s/Walter S. Jenkins
        Walter S. Jenkins, Esquire
        Identification No. 22430
        The Curtis Center, Suite 1130 East
        Independence Square West
        Philadelphia, PA 19106
        Ph: 215.606.3906
        Fx: 215.627.2665
        E-mail: walter.jenkins@wilsonelser.com
        Attorney for Defendants

779820.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, I electronically filed the foregoing with the Clerk of the Court for the Eastern District of Pennsylvania using the CM/ECF system, and on the same day a true and accurate copy of the foregoing was served via U.S. Mail upon:

James J. McEldrew, III, Esquire
McEldrew Law
123 S. Broad Street
Suite 1920
Philadelphia, PA  19109
**Attorney for Plaintiff**

                                                BY: /s/Walter S. Jenkins
                                                     Walter S. Jenkins

779820.1